1
2
3
4

**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

5 Trey Dayes (AZ. Bar # 020805)
treyd@phillipsdayeslaw.com
6 Dawn M. Sauer (AZ. Bar # 030271)
dawns@phillipsdayeslaw.com
7 John L. Collins-(AZ. Bar # 030351)
johnc@phillipsdayeslaw.com
8 Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catherine Thompson, a single woman,<br><br>Plaintiffs,<br>vs.<br><br>Executempts Southwest, Inc.; EMAC, Inc.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff alleges as follows:

### **NATURE OF THE CASE**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and specifically the overtime provision of the Act found at § 207(a).

4. For at least nine (9) years prior to the filing of this complaint, Plaintiff worked at least five to ten (5-10) hours in excess of forty (40) hours per week and was not paid time and a half.

5. For at least nine (9) years prior to the filing of this complaint, Plaintiff was on call one weekend out of the month and worked an additional thirty-four (34) hours in excess of forty (40) hours per week and was not paid time and a half.

6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## JURSIDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. The named Defendant, by virtue of its own acts and omissions or by virtue of the acts and omissions committed by one or more of its agents, employees or representatives, as described herein, has conducted business or caused events to occur within the District of

Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

10. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

11. At all times material hereto, Executemps Southwest, Inc. was incorporated in the State of Arizona and has its principle place of business at 3333 North 44th Street, Phoenix, Arizona 85018.

12. At all times material hereto, EMAC, Inc. was incorporated in the State of Arizona and has its principle place of business at 3333 North 44th Street, Phoenix, Arizona 85018.

13. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by 29 USC § 203(e)(1).

14. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendant.

15. At all relevant times, Defendant was and continues to be an employer as defined in 29 U.S.C. § 203(d).

16. At all times material to this action, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

17. Upon information and belief, at all relevant times the annual gross revenue of Defendant exceeded $500,000.00.

## FACTUAL BACKGROUND

18. Defendant specializes in providing temporary employment.

19. Defendant hired Plaintiff, Catherine Thompson, as a non-exempt hourly paid

1   Account Executive on December 15, 2003.

2       20.    Plaintiff's job responsibilities included interviewing prospective employees, conducting orientations, scheduling employees, taking order from clients, following up with clients to assure satisfaction of service and checking client sites.

    21.    Plaintiff was paid weekly at a rate of $975.00.

    22.    Plaintiff was not a manager.

    23.    Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

    24.    From December 15, 2003 through July 25, 2013, Plaintiff regularly worked approximately five to ten (5-10) hours per week in excess of 40 hours per week and was not paid overtime.

    25.    From December 15, 2003 through July 25, 2013, Plaintiff regularly worked one weekend a month on call at approximately thirty-four (34) hours in excess of 40 hours per week and was not paid overtime.

    26.    From December 15, 2003 through July 25, 2013, Defendant failed to properly compensate Plaintiff for overtime hours.

    27.    Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

    28.    Defendant's failure and/or or refusal to properly compensate Plaintiff at the rates and amounts required by the FSLA were/was willful.

    29.    Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

    30.    Plaintiff has retained the law firm of Phillips Dayes Law Group, PC to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

# COUNT ONE

## **VIOLATION OF FAIR LABOR STANDARDS ACT § 207**

31. Plaintiff incorporates and adopts all preceding paragraphs as if fully set forth herein.

32. While employed by Defendant, Plaintiffs consistently and regularly worked multiple hours of overtime a week.

33. Defendant has intentionally failed and/or refused to pay Plaintiff overtime in accordance with the section 207 of the FLSA.

34. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages in the amount of unpaid overtime compensation.

35. Under 29 USC § 216, Defendant is liable to Plaintiff for an amount equal to one and one half times her regular rate of pay for each hour of overtime worked per week.

36. Defendant's failure to compensate Plaintiff, in violation of the FLSA, was willful.

37. Defendant did not make a good faith effort to comply with the FLSA.

38. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 USC § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to her for all Plaintiff's time worked in excess of forty (40) hours per work week at an amount to one-half times Plaintiff's regular rate of pay while employed by Defendant;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff's costs incurred in this action;

    e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of payment due for that pay period until paid in full;

    f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

    g. For such other and further relief as the Court deems just and proper.

## COUNT TWO

## FAILURE TO PAY WAGES

39. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

40. From December 15, 2003 through July 25, 2013, Plaintiff regularly worked approximately five to ten (5-10) hours per week in excess of 40 hours per week and was not paid overtime..

41. From December 15, 2003 through July 25, 2013, Plaintiff regularly worked one weekend a month on call at approximately thirty-four (34) hours in excess of 40 hours per week and was not paid overtime.

42. Defendant routinely paid Plaintiff for only 40 hours per week.

43. Upon information and belief, Defendant failed to pay Plaintiff "wages" (as that term is defined by A.R.S. § 23-350) at Plaintiff's regular rate of pay while Defendant employed Plaintiff.

44. Upon information and belief, Defendant's failure to pay Plaintiff said wages was willful, unreasonable, and in bad faith.

45. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount calculated above.

46. Pursuant to, *inter alia,* A.R.S. § 12-341.01, Plaintiff is entitled to an award of her attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Awarding Plaintiff regular compensation in the amount due to her for all of Plaintiff's time worked that was not compensated for while at work for Defendant.

    b. Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph.

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to A.R.S. § 12-341.01.

    d. For Plaintiff's costs incurred in this action.

    e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections a and b above from the date of the payment dye for that pay period until paid in full.

    f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full.

    g. Ordering any other and further relief as the Court deems just and proper.

## COUNT THREE

## DECLATORY JUDGMENT

47. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

48. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending.

1    49.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief
2    pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

3    50.   Plaintiff may obtain declaratory relief.

4    51.   Defendant employed Plaintiff.

5    52.   Defendant is enterprises covered by the FLSA.

6    53.   Plaintiff was individually covered by the FLSA.

7    54.   On certain occasions, Plaintiff was not compensated at a rate of at least minimum
8    wage for work performed for Defendant.

9    55.   Plaintiff is entitled to overtime wages pursuant to 29 USC § 207.

10   56.   Defendant did not keep accurate time records pursuant to 29 USC § 211(c) and
11   29 C.F.R. Part 516.

12   57.   Plaintiff is entitled to an equal amount of liquidated damages as Defendant's
13   policy of failing to pay proper overtime compensation remains in effect.

14   58.   Defendant did not rely on a good faith defense in its failure to abide by the
15   provisions of the FLSA and failure to pay overtime compensation.

16   59.   It is in the public interest to have these declarations of rights recorded. Plaintiff's
17   declaratory judgment action serves the useful purposes of clarifying and settling the legal
18   relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

19   60.   The declaratory judgment action further terminates and affords relief from
20   uncertainty, insecurity, and controversy giving rise to the proceeding.

21   WHEREFORE, Plaintiff respectfully requests that a judgment be entered in her favor
22   against Defendant:

23   a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and
24      practices complained of herein are in violation of the overtime provisions of
25      the FLSA.

      b. For Plaintiff's costs incurred in this action.

      c. Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

      d. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: September ____, 2013        Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

    /s/ Dawn M. Sauer
Dawn M. Sauer
dawns@phillipsdayeslaw.com
Attorney for Plaintiff